IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVER J. PIERRE, III                                                    PLAINTIFF

VERSUS                                        CAUSE NO. 3:22cv172-KHJ-MTP

WARDEN BOULET, WARDEN PING,
JOHN DOES, DR. ROBERTO MARTINEZ,
OFFICER EVANS, DR. NEWSOME,
NURSE A. HUFF, OFFICER THOMPSON,
CASE MANAGER MONTGOMERY,
COUNSELOR WESTBROOK, DR.
ANTHONY CHAMBERS, DR. HUBBARD,
DR. FELICANO, and DR. DENT                                    DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Warden Boulet, Warden Ping, Officer Thompson, Case Manager Montgomery, Counselor Westbrook, Dr. Chambers, Dr. Hubbard, and Dr. Felicano's Motion to Substitute [36] and Motion for Summary Judgment [40], and the United States's Motion to Dismiss for Lack of Subject Matter Jurisdiction [38].   Pro se Plaintiff Oliver J. Pierre, III, has filed a Response [53].   Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the motions be granted and this case be dismissed.

## BACKGROUND

Pierre filed his Complaint, via the prison mailbox rule, on March 28, 2022.   (Compl. at 6).   At the time, he was incarcerated with the Bureau of Prisons ("BOP").   *Id.* at 2.   He challenges the conditions of his prior confinement at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City").   (Order of Partial Dismissal at 1).   Specifically, Pierre alleges that, while he was incarcerated at the prison, he was assigned to work in its

kitchen.   *Id.* at 1-2.   He claims that Defendant Officer Evans caused him to slice his finger while working in the prison kitchen.   *Id.* at 2.   Then, Pierre alleges that Wardens Boulet and Ping, Defendants Dr. Newsome, Nurse A. Huff, and Dr. Roberto Martinez, and Dr. Chambers, Montgomery, and Westbrook denied him medical treatment, and that the Wardens, Dr. Felicano, Defendant Dr. Dent, and Dr. Hubbard denied him mental health care for his resulting injuries. *Id.*   Pierre further contends that Boulet, Ping, Officer Thompson, Montgomery, and Westbrook deprived him of his property.   *Id.* at 3.   Pierre sues the individual Defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   *Id.* at 2-3. Pierre also alleges negligence claims under the Federal Tort Claims Act ("FTCA").   *Id.* at 3. Liberally construed, the FTCA claims are brought against all Defendants in their official capacities.   For relief, Pierre seeks damages.   *Id.*

Movants first seek to have the United States replace Thompson, Montgomery, Westbrook, Dr. Chambers, and Dr. Hubbard as the Defendant on the FTCA claims.   The United States then moves to be dismissed, arguing it cannot be sued under *Bivens* and that the FTCA claims are barred.   Finally, the individual movants seek summary judgment, arguing that the *Bivens* claims are not exhausted.

**DISCUSSION**

<u>MOTION TO SUBSTITUTE</u>

Movants ask that five individual Defendants be replaced by the United States for the FTCA claims brought against them.   Pierre's Response does not address this motion.

The United States is the proper defendant in a lawsuit under the FTCA.   *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).   In this case, the

FTCA claims are brought against BOP Defendants in their official capacities as employees of the United States. A claim against a governmental employee in his official capacity is brought against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, the FTCA claims are brought against the United States. In order to clarify that these claims are only asserted against the Government, it is recommended that the Motion to Substitute [36] be granted, the United States be added as a Defendant, and it be substituted as defendant on the FTCA claims.

MOTION TO DISMISS

Next, the United States moves to be dismissed for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1). Generally, "[a] district court may dispose of a motion to dismiss for lack of subject matter jurisdiction based 'on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *M.D.C.G. v. United States*, 956 F.3d 762, 768 (5th Cir. 2020) (quoting *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019)). However, if the issue of jurisdiction is "intertwined with the merits," then the court should apply either a Rule 12(b)(6) or summary judgment standard. *M.D.C.G.*, 956 F.3d at 768-69. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of establishing subject matter jurisdiction. *Choice, Inc., of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). A motion to dismiss for lack of subject matter jurisdiction may be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[W]hether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject matter

3

jurisdiction and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013).

As set forth above, only FTCA claims are asserted against the United States. Specifically, Pierre alleges that he was incarcerated at FCI-Yazoo City and was assigned to work in its kitchen. (Order of Partial Dismissal at 1-2). He claims that various BOP employees negligently caused him to slice his finger while working in the prison kitchen and then denied him medical and mental health care for his resulting injuries. *Id.* at 2. Pierre further contends that some of the BOP Defendants either negligently lost his property or would not restore it. *Id.* at 3.

I.    FTCA PERSONAL INJURY CLAIMS

The United States argues that the FTCA claims based on injury and denial of treatment are covered exclusively by the Inmate Accident Compensation Act ("IACA"). Pierre contends his injury was not work related, because he "was never officially hired as a food service worker." (Pl.'s Aff. [11-1] at 2).

The IACA allows the Government to pay "compensation to inmates . . . for injuries suffered in any . . . work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The IACA is the exclusive remedy against the United States for inmates who suffer a work injury in prison. *United States v. Demko*, 385 U.S. 149, 152 (1966). Therefore, if the injury is covered by IACA, the inmate may not recover under the FTCA. *Id.*; 28 C.F.R. § 301.319. An injury is covered by IACA if it "occurred while the prisoner was on the job." *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980). IACA also covers a federal prisoner's claim of inadequate medical

treatment of a work injury.  *Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974);

*Perez v. United States*, 806 F. App'x 285, 286 (5th Cir. Mar. 31, 2020).

Pierre alleges that he was working in the kitchen of the institution in which he was

confined.  He admits that during a COVID-19 lockdown of the prison, "the crew that prepared

the meals for the inmates on the compound . . . all came from my unit (F-1) to help prepare the

meals" and that he was ordered by Officer Evans "to go in the meat prep cooler room and cut

[food] with the . . . slicer for the inmate population's dinner."  (Pl.'s Aff. [11-1] at 1-2).  Even

though Pierre alleges that he was never "officially" hired to work in the kitchen, he admits he

"was being compensated for helping during the COVID 19 crisis."  *Id.* at 2.  He further claims

that he was obeying Evans's order when he sliced his finger, while cutting up food in the

kitchen.  *Id.*; (Order of Partial Dismissal at 2).  The incident allegedly caused Pierre physical

and mental pain and suffering.  Thus, he alleges injuries suffered during a "work activity," i.e.,

while he was "on the job."  These claims are covered by the plain text of IACA.  Since they are

covered by IACA, Pierre may not recover for them under the FTCA.

Besides being injured on the job, Pierre also alleges that various BOP Defendants

negligently denied him medical and mental health treatment for his work injuries.  "[S]ince the

cause of his original injur[ies] w[ere] work-related and compensable under 18 U.S.C. § 4126,"

Pierre is also "barred from litigating" his denial of medical care claims under the FTCA.

*Thompson*, 495 F.2d at 193.  Therefore, it is recommended that the FTCA personal injury claims

be dismissed for lack of subject matter jurisdiction.

As set forth above, Pierre brings his negligent personal injury claims only under the

FTCA and disavows bringing them under IACA.  Even if the Court were to construe these

claims as being asserted under the Inmate Accident Compensation Act, the claim would still fail.

Under IACA, a work injury claim is first heard by a Claims Examiner for an initial determination of whether the injury is compensable and to what extent.   28 C.F.R. §§ 301.303, 301.305.   The prisoner's claim must be filed "[n]o more than 45 days prior to" the inmate's release, by submitting "a FPI Form 43, Inmate Claim for Compensation on Account of Work Injury . . . to the Institution Safety Manger. . . for processing."   28 C.F.R. § 301.303(a).   After being supplemented by a physician's assessment and photos of any lost "member" (such as a finger), the claim is forwarded to the Claims Examiner for a determination.   28 C.F.R. § 301.303(c)-(d).   If unsatisfied with the Claims Examiner's initial determination, the inmate may either seek a hearing or reconsideration from the Inmate Accident Compensation Committee. 28 C.F.R. § 301.306(b).   Afterwards, the prisoner may appeal the Committee's decision to the Chief Operating Officer of the Federal Prisons Industries, Inc., in Washington, D.C.   28 C.F.R. § 301.313.   The "burden of proof lies with the claimant to establish that the claimed impairment is causally related to the claimant's work assignment."   28 C.F.R. § 301.318.   Finally, judicial review is available for final IACA compensation determinations.   *Thompson v. United States*, 492 F.2d 1082, 1082-84 (5th Cir. 1974).   The "matter of awarding compensation . . . is a matter for determination by the prison authorities, subject to the supervision of the Attorney General." *Id.* at 1084.   "The decision of the prison authorities, once made, is conclusive in the absence of a showing that the decision was arbitrary or capricious."   *Id.*

At the time he filed his Complaint, it was still too early for Pierre to file for an initial administrative determination under IACA, because he was more than 45 days away from

release.[1]    Therefore, the IACA claims were not ripe in the first instance, let alone for judicial review.    Further, this Court's jurisdiction over any IACA claim is limited to reviewing the agency's determination.    Pierre does not point to a compensation decision or argue why it should be overturned.    Therefore, the undersigned recommends that any IACA claims be dismissed for failure to state a claim.

II.    FTCA PROPERTY CLAIMS

The remaining FTCA claims are that Pierre's property was negligently lost by BOP Defendants.    The United States argues that the FTCA does not waive sovereign immunity for such a claim.    Pierre does not respond to this argument.

The FTCA provides a limited waiver of the United States's sovereign immunity for money damages against the United States based on the loss of property caused by federal employees.    *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008).    Exempted from this waiver is any "claim arising in respect of the . . . detention of any . . . property by any . . . law enforcement officer," except for certain property seized for forfeiture.    28 U.S.C. § 2680(c).    "Detention," for purposes of this exemption, refers to "a period of temporary custody or delay."    *Chapa v. United States*, 339 F.3d 388, 390-91 (5th Cir. 2003).    "Any claim arising in respect of" detention "includes a claim resulting from negligent handling or storage of detained property" and loss of the property.    *Kosak v. United States*, 465 U.S. 848, 854 (1984); *Solus Ocean Sys., Inc. v. U.S. Customs Serv.*, 777 F.2d 326, 328 (5th Cir. 1985).    "Any law enforcement officer" includes a corrections officer employed by the BOP.    *Ali*, 552 U.S. at 216.

---

[1]  The Complaint was filed March 30, 2022.    On December 8, Pierre alleges he was still incarcerated.    (Change of Address [30]).

Pierre claims that his property was lost because Officer Thompson packed his property and refused to give him a property invoice.   (Order of Partial Dismissal at 3).   This caused the property to be given away, and Pierre received no help in getting it back.   *Id.*   These claims arise out of law enforcement Officer Thompson's detention of the property, including her alleged negligent handling of the property.   As such, § 2680(c) preserves sovereign immunity for this claim.   It is, therefore, recommended that the FTCA property claims likewise be dismissed pursuant to Rule 12(b)(1).   Thus, the undersigned recommends granting the Motion to Dismiss [38].

MOTION FOR SUMMARY JUDGMENT

This leaves the *Bivens* claims, which are addressed in the Motion for Summary Judgment [40].   A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   To make this determination, the Court must view the evidence in the light most favorable to the non-moving party.   *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).   A "material fact" is one that might affect the outcome of the suit under the governing law.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party.   *Id.*   The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986).   The Court considers evidentiary materials cited by the parties and may also "consider other materials in the record."   Fed. R. Civ. P. 56(c)(3).   The Court is not permitted to make credibility determinations or weigh the evidence.   *Deville v. Marcantel*, 567 F.3d 156, 164

(5th Cir. 2009).   Whether a prisoner has first exhausted his administrative remedies is a mixed question of law and fact.   *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Pierre asserts Eighth Amendment claims for deliberate indifference to his health and safety and Fifth Amendment claims for deprivation of property.   Movants argue that Pierre failed to exhaust his administrative remedies for these *Bivens* claims.   Pierre does not address this argument.

According to the Prison Litigation Reform Act, "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   In other words, a prisoner is required to exhaust available remedies with the prison prior to filing such a suit.   *Dillon*, 596 F.3d at 265.   Since non-exhaustion is an affirmative defense, Defendants bear the burden of proving Plaintiff failed to exhaust.   *Id.* at 266.   Therefore, Movants "must establish beyond all peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor."   *Id.*

"To determine what remedies are 'available' . . . we look to 'the applicable procedural rules . . . defined . . . by the prison grievance process itself.'"   *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015)).   Remedies are available so long as they are "'capable of use' to obtain 'some relief for the action complained of.'"   *Huskey*, 45 F.4th at 831 (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)).   A prisoner's grievance needs only be specific enough to give prison officials a "fair opportunity to address the problem that will later form the basis of the lawsuit."   *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

9

As Movants point out, the BOP has a four step procedure to resolve inmate grievances. Generally, the inmate must first present his grievance through an Informal Resolution, also known as a BP-8, to a staff member.   28 C.F.R. § 542.13(a).   If the inmate is not able to resolve it at this level he may file a formal Administrative Remedy Request (BP-9), for the Warden's response.   28 C.F.R. § 542.14.   If the prisoner wishes to appeal the Warden's decision, the prisoner appeals it to the appropriate Regional Director, by filing a BP-10.   28 C.F.R. § 542.15. Finally, if the inmate remains unsatisfied, he may take a further appeal (BP-11) to the Bureau's General Counsel.   *Id.*   Only after the prisoner has taken his grievance through all of these steps has he exhausted the administrative remedy.

A grievance may be rejected for procedural reasons at any level of the process.   28 C.F.R. § 542.17 (a); (Cowell Aff. [41-1] at 2).   If this happens, the prisoner must be informed of the reason it was rejected, the grievance is returned to him, and he is allowed an opportunity to submit a corrected grievance, "[i]f the defect . . . is correctable."   28 C.F.R. § 542.17(b); (Cowell Aff. [41-1] at 2).   Otherwise, the inmate may appeal the rejection.   28 C.F.R. § 542.17(c).

Movants provide an affidavit from Douglas Cowell, the Complex Case Management Coordinator at FCI-Yazoo City.   (Cowell Aff. [41-1] at 1).   He avers that he is responsible for processing administrative remedy requests that inmates file at the institutional level.   *Id.* Cowell verifies the administrative remedy procedures outlined above.   *Id.* at 2.   He states that the BOP maintains electronic records in the ordinary course of business which tracks inmates' administrative remedy requests.   *Id.* at 1.   Additionally, he swears these records indicate that Pierre filed four administrative grievances, "and none of them concerns the claim [sic] contained

10

in his Complaint."   *Id.* at 3.   Even if one of the grievances had referenced his *Bivens* claims, Cowell states that all were rejected "for procedural reasons, and Pierre never corrected the deficiencies."   *Id.* at 3-4.   The evidence is undisputed that Pierre never pursued his *Bivens* claims through completion with the BOP's administrative remedy program.   Pierre does not contest whether he exhausted, whether the remedies were truly available to him, or whether exhaustion should be excused.   Since it is undisputed that he failed to exhaust his *Bivens* claims, Movants are entitled to judgment as a matter of law.[2]   Therefore, Movants should be dismissed.

The *Bivens* claims are also asserted against the remaining Defendants: Martinez, Evans, Newsome, Huff, and Dent.   Since none of the *Bivens* claims were exhausted, the undersigned recommends likewise granting summary judgment to the nonmovants as well.   *See*, *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (holding that summary judgment inured to the benefit of defaulting defendants "where a defending party establishes that plaintiff has no cause of action"); *Howard v. Epps*, 5:12cv61, 2013 U.S. Dist. LEXIS 75194 at *10-11 (S.D. Miss. Apr. 22, 2013) (holding summary judgment on failure to exhaust inured to benefit of nonmoving defendants).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Substitute [36] be GRANTED, the Clerk of Court add the United States of America as a Defendant, and the United States be substituted as the Defendant for all claims under the Federal Tort Claims Act. It is further recommended that the United States's Motion to Dismiss [38] be GRANTED and that the claims against the United States be DISMISSED with prejudice for lack of subject

---

[2] Defendants also moved to dismiss the *Bivens* claims under Federal Rule 12(b)(6), and it appears to bar all but perhaps the medical claims.   *See*, *Ziglar v. Abbasi*, 582 U.S. 120, 140, 147 (2017).

matter jurisdiction.   Finally, it is recommended that the Motion for Summary Judgment [40] be GRANTED and that the *Bivens* claims be DISMISSED without prejudice for failure to exhaust administrative remedies.   Accordingly, the undersigned recommends that the remaining Defendants be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party.   The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions.   Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 6th day of November, 2023.

s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE