UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVER J. PIERRE, III                                                                            PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:22-CV-172-KHJ-MTP

WARDEN BOULET, et al.                                                                        DEFENDANTS

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [54] Report and Recommendation. The Court adopts it. The Court thus grants the [36] Motion to Substitute, [38] Motion to Dismiss, and [40] Motion for Summary Judgment.[1]

I.    Background

Pro se Plaintiff Oliver J. Pierre, III, filed this suit in March 2022. Compl. [1]. At that time, he was incarcerated in a federal prison. *See id.* at 2. Pierre alleges that Defendants (1) caused him to slice his finger while working in the prison kitchen, (2) denied him medical treatment, (3) denied him mental-health treatment,[2] and (4) deprived him of his personal property. [54] at 2; *see also* Order of Partial Dismissal [12] at 1–3; [1] at 4–11. Pierre raises Fifth and Eighth

---

[1] The Court denies as moot the [45] and [47] Motions to Dismiss.

[2] For years, Pierre repeatedly requested treatment, explaining that he was struggling with severe pain in his finger, panic attacks, and inability to sleep more than two or three hours a night. *See* [1] at 9–11. In January 2022, Psychology Services responded that they were "down to only one psychologist for the entire complex," where thousands of people are incarcerated. *See id.* at 10.

Amendment claims under *Bivens*, and negligence claims under the Federal Tort Claims Act (FTCA). [12] at 3; [54] at 2.

Defendants filed several motions, three of which are relevant here. First, as to Pierre's FTCA claims, Defendants moved to substitute the United States as the Defendant. [36]. Second, the United States moved to dismiss for lack of subject-matter jurisdiction. [38]. And third, Defendants moved for summary-judgment based on Pierre's failure to exhaust administrative remedies. [40]. Pierre, who is no longer incarcerated, filed a one-page response that did not address the merits of those motions. *See* Resp. to Order to Show Cause [53].

The Report recommends granting all three motions. *See* [54] at 11–12. Pierre timely raised two objections:

- "I never got any compensation while I was incarcerated (IACA)."
- "I was only able to file all the proper papers that I was only issued to from [my] case manager and was having trouble getting them several times I asked question[s] to make sure I was taking the right steps ('BP-8's [etc].')."

[55] at 2. The Court liberally construes the first objection to be that the Inmate Accident Compensation Act (IACA) applies only to compensated work. The Court liberally construes the second objection to be that officials thwarted Pierre from using the grievance process, making it "unavailable" under the Prison Litigation Reform Act (PLRA). *See Ross v. Blake*, 578 U.S. 632, 644 (2016).[3]

---

[3] Pierre stated that he continues to struggle with panic attacks, nightmares, and extreme pain in his finger. [55] at 2. He also said that prison officials' actions deprived him of priceless things, including photographs of lost family members. *Id.* at 3.

II.  Standard

The Court reviews de novo the portions of the Report to which Pierre objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). It reviews the remaining portions under a clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

III.  Analysis

The Court first addresses Pierre's two objections. It then considers the rest of the Report.

A.  First Objection

Pierre's first objection is that he never received any compensation while he was incarcerated. [55] at 2. Pierre parenthetically refers to the IACA. *Id.* The Court construes the objection to be that the IACA applies only to compensated work.

The first objection fails for two reasons. For one, it contradicts the record. Pierre's sworn affidavit states that he "was being compensated for helping during the COVID 19 crisis." Pierre Aff. [11-1] ¶ 10. The record also includes a signed "Food Service Department Acknowledgment Form." [38-1] at 13. That form indicates that Pierre received a "Food Service Departmental Rules and Regulations" form, which included an hourly pay scale. *See id.* at 13, 15.[4] The record reflects that Pierre was doing compensated work.

---

[4] The hourly pay scale ranged from 12 to 40 cents. [38-1] at 15.

In any case, the IACA is not limited to compensated work. The statute applies to injuries suffered in "*any* work activity in connection with the maintenance or operation of the institution." 18 U.S.C. § 4126(c)(4) (emphasis added); *see also* 28 C.F.R. § 301.301(b) (noting that statute may apply even to "voluntary work in the operation or maintenance of the institution, when such work has been approved by staff"). Pierre admits that he was "injured working for food service for Yazoo City Medium." [1] at 7.[5] Because Pierre was injured "on the job," the IACA provided his "sole remedy." *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam). Pierre's first objection fails.

B.  Second Objection

Pierre's second objection is that he "was having trouble getting" forms from his case manager, despite asking "several times . . . to make sure [he] was taking the right steps." *See* [55] at 2. The Court construes the objection to be that officials thwarted Pierre from using the grievance process, making it "unavailable." *See Ross*, 578 U.S. at 644.

The second objection fails for three reasons. To begin, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Pierre's response to the Court's Order to Show Cause said nothing about exhaustion or availability. *See*

---

[5] *See also, e.g.*, [38-1] at 1 (Pierre's OSHA Form 301 describing his "work-related injury" that occurred while he "was working in Food Service"); *id.* at 10 (noting that Pierre "was working in the Food Service Kitchen"); *id.* at 12 (noting Pierre's "job assignment").

4

[53]. He first raised that issue in his objection, giving the Magistrate Judge no opportunity to address it. *See* [55].[6]

Separately, "[a]lthough pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, [the Fifth Circuit has] never allowed such litigants to oppose summary judgments by the use of unsworn materials." *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (quotation omitted). Pierre's objection included no competent summary-judgment evidence supporting his argument. *See* [55]. And there is no such evidence in the record.

Finally, Defendants are correct that "Pierre's administrative remedy filing history shows that the administrative remedy process was indeed available to him." Supp. Mem. [41] at 6. Pierre filed four administrative-remedy requests. *See* [41-1] at 3, 6–7. His finger injury occurred in June 2020; he filed two unrelated administrative-remedy requests the next month. *Compare* [1] at 8, *with* [41-1] at 6. His personal-property dispute arose in August 2020; he filed an unrelated administrative-remedy request the next day. *Compare* [1] at 8, *with* [41-1] at 7. And despite the ongoing medical-care dispute reflected in his January and February 2022 emails, Pierre filed an unrelated administrative-remedy request in February 2022. *Compare* [1] at 9–11, *with* [41-1] at 7. The availability question is "put to rest by evidence in the record that [Pierre] did indeed obtain grievance forms that he

---

[6] "The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend." *Moler v. Wells*, 18 F.4th 162, 167 (5th Cir. 2021). But amendment here would be futile, as discussed below.

5

used for a different purpose" over the relevant period. *Putnam v. Traylor*, 633 F. App'x 600, 601 (5th Cir. 2016) (per curiam). Pierre's second objection fails.[7]

### C. Remainder of Report

The Court finds that the rest of the Report is not clearly erroneous or contrary to law. The Court thus adopts the Report as the opinion of this Court.

### IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court adopts the [54] Report and Recommendation of United States Magistrate Judge Michael T. Parker as the Court's findings and conclusions. The Court GRANTS the [36] Motion to Substitute: The Clerk shall add the United States as a Defendant, and the United States shall be substituted as the Defendant for all claims under the Federal Tort Claims Act. The Court GRANTS the [38] Motion to Dismiss and DISMISSES Pierre's claims against the United States with prejudice. The Court GRANTS the [40] Motion for Summary Judgment and DISMISSES Pierre's *Bivens* claims without prejudice. And the Court DENIES as moot the [45] and [47] Motions to Dismiss.

The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 19th day of December, 2023.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[7] The PLRA's exhaustion requirement applies only to a "prisoner" who is "confined." 42 U.S.C. § 1997e(a). Since filing this suit, Pierre has been released from prison. [48]. "Accordingly, though his present action must be dismissed, [Pierre] would not be bound by the PLRA's exhaustion requirements if he were to immediately refile." *Bargher v. White*, 928 F.3d 439, 448 (5th Cir. 2019).